

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Richard H. Hartman, II

    Plaintiff

v.                           Case No.

Nelnet, Inc.

    Defendant
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND JURY DEMAND

**COMES NOW** the Plaintiff, Richard H. Hartman, II, and files this Complaint against the Defendant, Nelnet, Inc. ("Nelnet"), and would show:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. The Plaintiff, an individual, brings this action for statutory damages and actual damages against the Defendant, as well as attorney's fees and the costs of litigation, for the Defendant's violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA"), and the Telephone Consumer Practices Act, 47 U.S.C. § 227 ("TCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, unfair and deceptive debt collection practices, in addition to limiting the type of equipment organizations may use to contact consumers.

### JURISDICTION AND VENUE

1.     This is an action for money damages.

12. In early January of 2013, Nelnet began calling the Plaintiff on his cellular telephone in an attempt to collect the debt.

13. On January 12, 2013, the Plaintiff served written notice on Nelnet that it did not have his consent to contact him at any telephone number.

14. Nelnet received the immediately aforementioned notice at 2:52 P.M., Eastern Standard Time on January 12, 2013.

15. On or about January 15, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

16. The immediately aforementioned telephone call was placed using an automatic telephone dialing system as defined under 47 U.S.C. § 227(a)(1) (hereinafter referred to as an "auto-dialer").

17. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

18. On or about February 7, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

19. The immediately aforementioned telephone call was placed using an auto-dialer.

20. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

21. On or about February 14, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

22. The immediately aforementioned telephone call was placed using an auto-dialer.

23. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

24. On or about February 22, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

25. The immediately aforementioned telephone call was placed using an auto-dialer.

26. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

27. On or about March 1, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

28. The immediately aforementioned telephone call was placed using an auto-dialer.

29. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

30. On or about March 8, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

31. The immediately aforementioned telephone call was placed using an auto-dialer.

32. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

33. On or about March 15, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

34. The immediately aforementioned telephone call was placed using an auto-dialer.

35. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

36. On or about March 23, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

37. The immediately aforementioned telephone call was placed using an auto-dialer.

38. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

39. On or about April 11, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

40. The immediately aforementioned telephone call was placed using an auto-dialer.

41. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

42. On or about April 26, 2013, Nelnet placed a telephone call to the Plaintiff's cellular telephone in an attempt to collect the debt.

43. The immediately aforementioned telephone call was placed using an auto-dialer.

44. The immediately aforementioned telephone call delivered a prerecorded message to the Plaintiff.

45. All of the aforementioned telephone calls were made from Nelnet to the Plaintiff's cellular telephone after the Plaintiff had informed Nelnet that he did not consent to it making such calls.

46. All of the aforementioned telephone calls were willfully and knowingly made by Nelnet to the Plaintiff's cellular telephone after Nelnet was made aware that the Plaintiff did not consent to receiving such calls.

47. In late April of 2013, the Plaintiff brought his account with Nelnet current, and the account has remained current ever since.

48. Section 559.77, Fla. Stat. provides for an award of up to $1,000.00 statutory damages per each adverse adjudication, as well as actual damages, and an award of attorney's fees to the Plaintiff should the Plaintiff prevail in this matter against the Defendants. *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

49. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone with an auto-dialer without his express prior consent.

50. 47 U.S.C. § 227 (b)(3)(B) provides for statutory damages of five hundred dollars ($500.00) for each and every telephone call placed to the Plaintiff's cellular telephone that delivers a prerecorded message without his express prior consent.

51. In addition, if the Court finds the Defendants willfully and knowingly violated the forgoing section, the court may award treble damages to the Plaintiff for such violations pursuant to 47 U.S.C. § 227 (b)(3).

52. All conditions precedent to the filing of this action have been completed or have been waived.

## CAUSES OF ACTION

## COUNT I – HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

53. Plaintiff repeats, re-alleges and incorporates paragraphs 1-52 as though fully restated herein.

54. Nelnet unlawfully used an auto-dialer to call the Plaintiff's cellular telephone without his prior express consent.

55. Nelnet unlawfully delivered a prerecorded message to the Plaintiff's cellular telephone without his prior express consent.

56. The immediately aforementioned conduct could reasonably be expected to harass the Plaintiff, thus violating Section 559.72(7), Fla. Stat.

57. As a result of the Defendant's violations of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against the Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation;

    c. A permanent injunction enjoining the Defendant from engaging in the complained-of practices; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – UNLAWFUL DEBT COLLECTION PRACTICES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

58. Plaintiff repeats, re-alleges and incorporates paragraphs 1-52 as though fully restated herein.

59. Nelnet used an auto-dialer to call the Plaintiff's cellular telephone without his prior express consent, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

60. Nelnet unlawfully delivered a prerecorded message to the Plaintiff's cellular telephone without his prior express consent, while knowing that it did not have the legal right to use such debt collection practices, in violation of Section 559.72(9), Fla. Stat.

61. As a result of the Defendant's violations of the FCCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and the costs of litigation pursuant to Section 559.77(2) Fla. Stat.

WHEREFORE, Plaintiff respectfully demands that the Court enter judgment in Plaintiff's favor and against the Defendant for:

    a. Damages;

    b. Attorney's fees and the costs of litigation;

    c. A permanent injunction enjoining the Defendant from engaging in the complained-of practices; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT III – VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT

62. Plaintiff repeats, re-alleges and incorporates paragraphs 1-52 as though fully restated herein.

63. Nelnet is subject to, and has violated the TCPA by using an automated telephone dialing system to call the Plaintiff's cellular telephone without his prior express consent.

64. Nelnet is subject to, and has violated the TCPA by delivering prerecorded messages to the Plaintiff's cellular telephone without his prior express consent.

65. Each of the telephone calls to the Plaintiff's cellular telephone were knowingly, willfully and consciously made in violation of the TCPA.

66. As a direct and approximate result of Nelnet's conduct, the Plaintiff has suffered: (a) The periodic loss of cellular telephone service, (b) The costs associated with the usage of cellular telephone service during each call, (c) Statutory damages under the TCPA, and (d) the expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost.

WHEREFORE, the Plaintiff respectfully requests this Court enter a judgment in his favor and against the Defendant for:

    a. $500.00 statutory damages for each telephone call made in violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

    b. Treble statutory damages of $1,500.00 per knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

    c. Such other or further equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Please take notice that the Plaintiff demands trial by jury on all issues so triable.

Dated this ___14___ day of July, 2013

Respectfully Submitted:

Richard H. Hartman, Plaintiff
8285 Nuzum Road
Weeki Wachee, FL 34613
813-486-8287
rick@rickhartman.com