**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD H. HARTMAN, II,

      Plaintiffs,

v.                                     Case No. 8:13-cv-01902-T-17MAP

NELNET, INC.,

      Defendant.

_____/

**ANSWER & AFFIRMATIVE DEFENSES**

COMES NOW, the Defendant, Nelnet, Inc. ("Defendant"), and for its answer to Plaintiff's Complaint for Unlawful Debt Collection Practices and Jury Demand, answers as follows:

1.      To the extent that the "Introduction" to Complaint contains any allegations against the Defendant, Defendant denies same.

2.      Defendant denies Paragraph 1 of the Plaintiff's Complaint in its entirety.

3.      Defendant denies Paragraph 2 of the Plaintiff's Complaint in its entirety.

4.      Defendant denies Paragraph 3 of the Plaintiff's Complaint in its entirety.

5.      Defendant denies Paragraph 4 of the Plaintiff's Complaint in its entirety.

6.      Defendant is without sufficient information to formulate a belief as to the truth of the allegations contained in Paragraph 5 of the Plaintiff's Complaint, and therefore deny the same.

7.      Defendant admits that it is a foreign corporation with its principal place of business located at 121 South 13th Street, Suite 201, Lincoln, NE 68508, but denies the remainder of Paragraph 6 of Plaintiff's Complaint.

8.      Defendant denies Paragraph 7 of the Plaintiff's Complaint in its entirety.

9.      Defendant denies Paragraph 8 of the Plaintiff's Complaint in its entirety.

10.     Defendant denies Paragraph 9 of the Plaintiff's Complaint in its entirety.

11.     Defendant admits Paragraph 10 of the Plaintiff's Complaint.

12.     Defendant denies Paragraph 11 of the Plaintiff's Complaint in its entirety.

13.     Defendant denies Paragraph 12 of the Plaintiff's Complaint in its entirety. Defendant further avers that it did not make any of the alleged calls to the Plaintiff and that it is not the proper defendant in this action.

14.     Defendant denies Paragraph 13 of the Plaintiff's Complaint in its entirety.

15.     Defendant denies Paragraph 14 of the Plaintiff's Complaint in its entirety.

16.     Defendant denies Paragraph 15 of the Plaintiff's Complaint in its entirety.

17.     Defendant denies Paragraph 16 of the Plaintiff's Complaint in its entirety.

18.     Defendant denies Paragraph 17 of the Plaintiff's Complaint in its entirety.

19.     Defendant denies Paragraph 18 of the Plaintiff's Complaint in its entirety.

20.     Defendant denies Paragraph 19 of the Plaintiff's Complaint in its entirety.

21.     Defendant denies Paragraph 20 of the Plaintiff's Complaint in its entirety.

22.     Defendant denies Paragraph 21 of the Plaintiff's Complaint in its entirety.

23.     Defendant denies Paragraph 22 of the Plaintiff's Complaint in its entirety.

24.     Defendant denies Paragraph 23 of the Plaintiff's Complaint in its entirety.

25.     Defendant denies Paragraph 24 of the Plaintiff's Complaint in its entirety.


26.     Defendant denies Paragraph 25 of the Plaintiff's Complaint in its entirety.

27.     Defendant denies Paragraph 26 of the Plaintiff's Complaint in its entirety.

28.     Defendant denies Paragraph 27 of the Plaintiff's Complaint in its entirety.

29.     Defendant denies Paragraph 28 of the Plaintiff's Complaint in its entirety.

30.     Defendant denies Paragraph 29 of the Plaintiff's Complaint in its entirety.

31.     Defendant denies Paragraph 30 of the Plaintiff's Complaint in its entirety.

32.     Defendant denies Paragraph 31 of the Plaintiff's Complaint in its entirety.

33.     Defendant denies Paragraph 32 of the Plaintiff's Complaint in its entirety.

34.     Defendant denies Paragraph 33 of the Plaintiff's Complaint in its entirety.

35.     Defendant denies Paragraph 34 of the Plaintiff's Complaint in its entirety.

36.     Defendant denies Paragraph 35 of the Plaintiff's Complaint in its entirety.

37.     Defendant denies Paragraph 36 of the Plaintiff's Complaint in its entirety.

38.     Defendant denies Paragraph 37 of the Plaintiff's Complaint in its entirety.

39.     Defendant denies Paragraph 38 of the Plaintiff's Complaint in its entirety.

40.     Defendant denies Paragraph 39 of the Plaintiff's Complaint in its entirety.

41.     Defendant denies Paragraph 40 of the Plaintiff's Complaint in its entirety.

42.     Defendant denies Paragraph 41 of the Plaintiff's Complaint in its entirety.

43.     Defendant denies Paragraph 42 of the Plaintiff's Complaint in its entirety.

44.     Defendant denies Paragraph 43 of the Plaintiff's Complaint in its entirety.

45.     Defendant denies Paragraph 44 of the Plaintiff's Complaint in its entirety.

46.     Defendant denies Paragraph 45 of the Plaintiff's Complaint in its entirety.
Defendant further avers that it did not make any of the alleged calls to the Plaintiff and that it is
not the proper defendant in this action.

47.     Defendant denies Paragraph 46 of the Plaintiff's Complaint in its entirety.

48.     Defendant denies Paragraph 47 of the Plaintiff's Complaint in its entirety. Defendant further avers that the Plaintiff does not have an account with the Defendant and that it is not the proper defendant in this action.

49.     Defendant denies Paragraph 48 of Plaintiff's Complaint in that Fla. Stat. § 559.77 speaks for itself.  Defendant further avers that as a pro se Plaintiff, Plaintiff would not be entitled to the recovery of attorney fees.

50.     Defendant denies Paragraph 49 of Plaintiff's Complaint in that 47 U.S.C. § 227(b)(3)(B) speaks for itself.

51.     Defendant denies Paragraph 50 of Plaintiff's Complaint in that 47 U.S.C. § 227(b)(3)(B) speaks for itself.

52.     Defendant denies Paragraph 51 of Plaintiff's Complaint in that 47 U.S.C. § 227(b)(3) speaks for itself.

53.     Defendant denies Paragraph 52 of the Plaintiff's Complaint in its entirety.

54.     Paragraph 53 incorporates prior paragraphs of Plaintiff's Complaint and appears to be devoid of any allegation by Plaintiff against Defendant, but to the extent that such paragraph is construed as containing allegations against the Defendant, Defendant denies the same.

55.     Defendant denies Paragraph 54 of the Plaintiff's Complaint in its entirety.

56.     Defendant denies Paragraph 55 of the Plaintiff's Complaint in its entirety.

57.     Defendant denies Paragraph 56 of the Plaintiff's Complaint in its entirety.

58.     Defendant denies Paragraph 57 of the Plaintiff's Complaint in its entirety.

59.     Paragraph 58 incorporates prior paragraphs of Plaintiff's Complaint and appears to be devoid of any allegation by Plaintiff against Defendant, but to the extent that such

paragraph is construed as containing allegations against the Defendant, Defendant denies the same.

60.     Defendant denies Paragraph 59 of the Plaintiff's Complaint in its entirety.

61.     Defendant denies Paragraph 60 of the Plaintiff's Complaint in its entirety.

62.     Defendant denies Paragraph 61 of the Plaintiff's Complaint in its entirety.

63.     Paragraph 62 incorporates prior paragraphs of Plaintiff's Complaint and appears to be devoid of any allegation by Plaintiff against Defendant, but to the extent that such paragraph is construed as containing allegations against the Defendant, Defendant denies the same.

64.     Defendant denies Paragraph 63 of the Plaintiff's Complaint in its entirety.

65.     Defendant denies Paragraph 64 of the Plaintiff's Complaint in its entirety.

66.     Defendant denies Paragraph 65 of the Plaintiff's Complaint in its entirety.

67.     Defendant denies Paragraph 66 of the Plaintiff's Complaint in its entirety.

## AFFIRMATIVE DEFENSES

68.     This this Court lacks personal jurisdiction over the Defendant.  Defendant is not a Florida corporation, does not maintain an office in Florida, has no employees in this state and does not conduct business in Florida.

69.     The Plaintiff's Complaint fails due to insufficiency of service of process on the Defendant.   Plaintiff attempted to serve Defendant by service upon Defendant's former registered agent whose authority to accept service on behalf of the Defendant was withdrawn in 2006 when Defendant expressly withdrew its authority to conduct business in Florida.

70.     Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted because Defendant is not the proper party to this action.

71.     Plaintiff has failed to state a claim upon which relief can be granted based on the failure of the performance or occurrence of all conditions precedent.

72.     At all times described in the Complaint, Plaintiff consented to any and all alleged conduct on Defendant's part.

73.     Plaintiff's claims are barred by the doctrine of waiver because Plaintiff expressly authorized the actions alleged in his Complaint.

74.     Plaintiff's claims are barred by his failure to mitigate his damages because Plaintiff failed to adequately communicate to Defendant after the first alleged violations occurred or continued to occur.  Plaintiff also provided Defendant misleading information which thwarted Defendant's efforts to comply with the law.

75.     Plaintiff's claims are barred by justification on the part of Defendant because Plaintiff expressly authorized the actions alleged in his Complaint.

76.     Plaintiff's claims are barred by the doctrine of estoppel because Defendant reasonably relied upon Plaintiff's grant of authority.

77.     To the extent that Defendant is found to have violated any provision under the Florida Consumer Collection Practices Act, such violations were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error, under *Fla. Stat.* §559.77(3).

78.     The Defendant reserves the right to amend this answer and assert additional affirmative defenses based on information which may become known through discovery.

WHEREFORE, this answering Defendant prays for judgment as follows:

1)     That Plaintiff take nothing by virtue of his Complaint herein;

2)     That Plaintiff's Complaint be dismissed with prejudice;

3)      For reasonable attorneys' fees under *Fla. Stat.* §559.77(2);

4)      For costs of suit; and

5)      For such other and further relief as the court deems just and proper.

Dated the _____ day of September, 2013.

                      Respectfully submitted,

                      /s/ Jaime Austrich
                      Jamie Austrich, Esquire
                      Florida Bar No. 84565
                      jaustrich@slk-law.com
                      Shumaker, Loop & Kendrick, LLP
                      101 East Kennedy Boulevard
                      Suite 2800
                      Tampa, Florida 33602
                      Telephone No.: (813) 229-7600
                      Facsimile No.:  (813) 229-1660
                      Attorneys for Defendant, Nelnet, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

                      /s/ Jaime Austrich
                      Jaime Austrich

7